Frost, J.,
dissenting. Spears had been the clerk of Dart, a factor of large business and capital, who took Spears into partnership. Spears injured his friend ; and at the time of his death, being wholly insolvent, he owed Dart a very large sum of money, said to be $>30,000. Immediately after the death of Spears, in 1819, Dart administered on his estate, paid, by his own check, Spears’s bond for the lot, — the amount of which greatly exceeded the whole inventoried estate of Spears, — and took possession. This he must have done with the consent, at least, of Spears’s widow. From that time until the great fire of 1838, Dart, and those who claimed under him, had possession of the lot, by successive tenants; and since the fire, the lot has been enclosed. This could only have been done by one of those who claimed title under Dart’s deed. The plaintiffs never, during that time, had any possession, nor made any claim to the lot, till the commencement of this suit. There is parol evidence of intermediate conveyances from Dart to the defendant. Sufficient time has elapsed to presume a deed from Spears to Dart; but that cannot avail the defendant, because Dart’s possession commenced after Spears’s death. No presumption of a deed can arise against the minor plaintiff, who was under a disability to convey •, and her co-tenancy with her mother prevents the operation of the statute of limitations. In addition to the long possession, the defendant has shewn every meritorious consideration in support of his title, and every circumstance which can manifest its fairness. But he has not shewn a deed from Spears to Dart. If the verdict could be supported only by proof of defendant’s title, a new trial should be granted ; and Dart, and all who claim under him, be left to abide the consequences of their remissness or indiscreet confidence.
But the defendant is entitled to retain his verdict, if the plaintiffs have not shewn a good title. The plaintiffs’s title, like the defendant’s, is imperfect for want of a deed. The plaintiffs showed no conveyance from the South Carolina Society to Spears. The only evidence, to supply the want of a deed, is the offer of Spears to purchase the lot, which was accepted by *354 the society, and the mortgage of the lot by Spears to the society, to secure $>1500, which was the price he offered.
What then is the effect in evidence of the mortgage deed ? Has it the effect to transfer the lot from the society to Spears ? Land can be conveyed only by deed, apt and proper in all its parts for the alienation of land. It is not permitted to add to, vary, or explain a deed by extrinsic evidence. It would be a bold adventure, in an issue of title, to produce and prove a deed of mortgage and offer witnesses to prove that it was intended as a conveyance of the mortgaged premises from the mortgagee to the mortgagor. That cannot be implied or presumed, by law, of which the law, by one of its most rigid rules, prohibits any evidence to be received. If by implication of law, or by estop-pel, or in any other way, a mortgage from A. to B. can operate as a conveyance of the mortgaged premises from B. to A., deeds of conveyance are idle forms.
The acceptance of Spears’s mortgage by the society, is the subject of a presumption of fact. In a presumption of law, which is of two kinds, the law itself makes the presumption. The presumption, juris et de jure, is not a rule of inference from testimony, but a rule of law, which is attached to circumstances, when proved; such as that from a seal, a consideration is presumed ; and that an infant, under seven years, is presumed to be incapable of crime. Against this class of presumptions no proof is admitted. Presumptions juris may be described as -prima facie evidence. They are inferences from facts proved, prescribed by law, and made by the Court. These hold good only until the contrary be proved.
It has been shewn that the inference of a conveyance, from the fact of the mortgage, cannot be referred to the first class of presumptions; nor can it be to the second. Presumptions of law, in aid of a title, are never made, except in support of ancient possession. A deed or grant is never presumed, unless there be proof of twenty years possession, at least. The plaintiffs have had no possession. Nor can the plaintiffs claim any relaxation of the rules of evidence, for that also is allowed only *355 for the protection of rights sanctioned by evidence of long continued enjoyment. Length of time is unfavorable to any presumption of title in the plaintiffs; for during the whole period of time since they allege their title to have accrued, there has been an open and notorious adverse possession of the lot.
The inference from the mortgage deed must be referred to the class of presumptions of fact. A presumption of fact is a conclusion of probable reasoning. It is deduced from experience of the connection or dependence between a fact proved and the fact to be inferred from it. The dependence may be so universal and uniform that the inference is immediate and necessary; or it may be so casual and remote as to excite only the faintest conjecture. Presumptions of this class pertain to the jury.
The case presented for their decision this inquiry: — By the fact that the South Carolina Society accepted a mortgage of the lot from Spears, is it proved that the society executed and delivered a deed of conveyance of the lot to Spears? The various observation and experience of the affairs and habits of society, which was united in the jury, made the question peculiarly proper for them. They were not embarrassed by conflicting and voluminous testimony, from which it required professional art and experience to extricate the truth. The subject was not above the feeblest comprehension.
By their verdict they have declared that the evidence has not produced conviction on their minds that the deed of conveyance was, in fact, executed. The presumption of a deed which would perfect the defendant’s title, is supported by more probable argument. They might justly require very convincing evidence of a title in the plaintiffs which should deprive the defendant of property so long enjoyed without disturbance or claim. They might conclude that, through some remissness, the deed of conveyance had not been executed or not delivered. If it had been; some evidence of its record, or of its execution, or of its existence, might be expected and required by the jury. They had a right to say, as they have said, that they did not believe, from the evidence, that the deed had been executed. On this subject the jury should *356 not be coerced. If the defendant were a squatter, or had entered tortiously, a new trial might he proper. The verdict assigns the land to a claimant, with every evidence of title, except a deed from Spears to Dart, in preference to the demand of the plaintiffs, who have shewn neither title nor possession. The verdict cannot be imputed to prejudice, passion or caprice; it effects what is just. It cannot be said to be against evidence. From an admitted fact a majority of the Court has deduced an inference contrary to the inference of the jury from the same fact. It is the right of the jury, in such a case, to differ from the Court.
Wakdlaw, J., concurred.

Motion granted.